IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RANDY L. THOMAS,<br><br>      Plaintiff,<br><br>  v.<br><br>YNEZ OLSHAUSEN, MARY ELLEN MCDONALD, PETER GORMAN, CHARLOTTE-MECKLENBURG POLICE DEPARTMENT, CHARLOTTE-MECKLENBURG, STATE OF NORTH CAROLINA,<br><br>      Defendants. | No.: 3:07CV130-MU<br><br>ORDER |

**THIS MATTER** is before this Court upon the "Motions to Dismiss" (Documents #5, #9, and #11) filed by Ynez Olshausen, Peter Gorman, Charlotte-Mecklenburg, and the State of North Carolina (collectively "Defendants"). In each of the three motions to dismiss, Defendants contend that Plaintiff Thomas' ("Mr. Thomas") claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

The facts of this case have been recited at length in the previous orders by this Court, and therefore will be addressed only briefly here.

This action is the fifth filed in this Court, all stemming from the same underlying claims. *See Thomas v. Charlotte Mecklenburg Schools et al*, 3:06-cv-00238; *Thomas v. Helms Mulliss*

1

*Wicker PLLC et al*, 3:07-cv-00052; *Thomas v Hammond et al*, 3:07-cv-00200; *Thomas v. Mullen*, 3:07-cv-00231. This particular action arises from the allegations contained in 3:06-cv-238 and 3:07-CV-52.

Mr. Thomas' son is a student at Elizabeth Traditional Elementary School ("Elizabeth Traditional"). Compl. at 6. Defendant Ynez Olshausen is the principal of Elizabeth Traditional. *Id*. Defendant Peter Gorman is the superintendent of the Charlotte-Mecklenburg Board of Education. Compl. at 18. In this action, Mr. Thomas seeks to assert claims against Defendants in their individual and official capacities under 42 U.S.C. § 1983.

Many of Mr. Thomas' allegations arise from an incident at the school that resulted in his arrest. Compl. at 8-11. Following a series of confrontations between Mr. Thomas and school personnel, the undersigned counsel for the Board sent a letter on behalf of the Board to Mr. Thomas directing him not to visit the school without either first making an appointment or the event of an emergency regarding his son. *See* Compl. at 10. On December 1, 2006, Mr. Thomas visited the school and was involved in a series of confrontations with school personnel and the CMPD school resource officer. Compl. at 10. Mr. Thomas was ultimately arrested by a CMPD school resource officer for trespassing. Compl. at 10.

Mr. Thomas is seeking relief under 42 U.S.C. § 1983 and "Title 18 U.S.C."

**II. DISCUSSION**

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir.1993). To survive a motion to

dismiss, a complaint need not contain "detailed factual allegations," but must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)(quoting *Conley v. Gibson*, 355U. S. 41, 47 (1957)). Ultimately, the complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face," *id.* at 1974. A motion to dismiss should be granted if the complaint itself fails to allege the elements for a cause of action or facts sufficient to support such elements. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.), *cert. denied*, 540 U.S. 940 (2003). Moreover, "allegations must be stated in terms that are neither vague nor conclusory." *Estate Constr. Co. V. Miller & Smith holding Co.,* 14 F.3d 213, 220 (4th Cir. 1994).

Here, Mr. Thomas seeks to assert claims under 42 U.S.C. § 1983 and "Title 18 U.S.C.," neither of which provides him with a cognizable claim.

### A. Plaintiff's Claims under 42 U.S.C. § 1983

In order to prevail under § 1983, a plaintiff must show that 1) defendant deprived him of a right or rights secured by the laws or constitution of the United States; and 2) the person depriving him of those rights was doing so under color of state law. *Mathis v. Parks*, 741 F.Supp. 567, 570 (E.D.N.C. 1990).

Here, Mr. Thomas claims that his constitutional rights have been violated because he has been ordered to make an appointment to visit the school. However, the Fourth Circuit has held that a parent's constitutional rights are not infringed when a school district bans that parent from school property. *See Lovern v. Edwards*, 190 F.3d 648 (4th Cir. 1999).

3

In addition, the other claims against Defendants essentially amount to a claim for educational malpractice. Insofar as the claims seek to allege that Defendants denied Thomas or his son access to more challenging educational programs, the claims should be dismissed as there is no cognizable claim for educational malpractice under North Carolina law.

### B. Plaintiff's Claims under Title 18 U.S.C.

Finally, Title 18 U.S.C. is not a valid basis for an action by this Court. Title 18 U.S.C. pertains to "Crimes and Criminal Procedure" and fails to create any applicable civil cause of action.

### III. CONCLUSION

Plaintiff has failed to assert any cognizable claim before this Court. Both this Court and the Fourth Circuit have refused to recognize the rights Mr. Thomas claims were violated by the Defendants under 42 U.S.C. §1983.

Further, Title 18 is a criminal code, not a civil code, and the sections cited by Plaintiff provide no basis for a civil claim

Accordingly, the Defendants' Motions to Dismiss are hereby GRANTED.

IT IS SO ORDERED.          Signed: June 16, 2008

Graham C. Mullen
United States District Judge